UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALLISON L. OLSEN,
                                    Plaintiff,

v.                                                          **DECISION & ORDER**

                                                            17-CV-01314(JJM)

NANCY A. BERRYHILL,
 Acting Commissioner of Social Security,[1]

                                    Defendant.
_____


Plaintiff commenced this action on December 19, 2017, challenging the Acting Commissioner's determination that she was not entitled to disability benefits under the Social Security Act. Complaint [1].[2] After plaintiff filed her motion for judgment on the pleadings [8], the parties filed a Stipulation for Remand, agreeing that the final decision of the Acting Commissioner be reversed, and that the action be remanded for further administrative proceedings pursuant to 42 U.S.C. §405(g) [10]. Following the entry of a Judgment [12], a Stipulation for Attorney Fees was filed [13]. Since that Stipulation was not properly supported with billing records or other materials necessary to determine whether the stipulated amounts are reasonable, I directed the parties to supplement it. February 22, 2019 Text Order [14]. In response, the parties

---

[1]   Since Nancy A. Berryhill is now the Acting Commissioner of Social Security, she is substituted for Commissioner of Social Security as the defendant in this action pursuant to Fed. R. Civ. P. ("Rule") 25(d).

[2]   Bracketed references are to CM/ECF docket entries.

filed a second Stipulation [15] with supporting materials, agreeing that plaintiff's attorney should receive $5,922.24 in fees and $400.00 in costs.

## ANALYSIS

The Equal Access to Justice Act ("EAJA") authorizes an award of "reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." 28 U.S.C. §2412(b). By obtaining a stipulated remand, plaintiff is the "prevailing party" for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).

The fact that the parties have stipulated to an amount of attorney's fees does not relieve this court of the obligation to determine whether that amount is reasonable. *See* Pribek v. Secretary, Department of Health & Human Services, 717 F. Supp. 73, 75 (W.D.N.Y. 1989) ("the determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation"); Lockwood v. Colvin, 2016 WL 6902341, *1 (D. Conn. 2016) ("[a]lthough the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable").

A fee award is appropriate "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust". 28 U.S.C. §2412(d)(1)(A). "The burden is on the Government to show that its position was substantially justified." Eames v. Bowen, 864 F.2d 251, 252 (2d Cir. 1988). The government has not attempted to satisfy that burden, nor do I find any "special circumstances" which would make an award unjust.

28 U.S.C. §2412(d)(2)(A) states that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee". The hourly rate may be adjusted to account for inflation as determined by the Consumer Price Index ("CPI"). *See* Isaacs v. Astrue, 2009 WL 1748706, *3 (W.D.N.Y. 2009) ("[t]he current statutory cap of $125 per hour took effect in 1996 . . . and the Court may revise it upward to reflect inflation as determined by the [CPI]"). The stipulated counsel fees are at hourly rates of between $196.79 and $202.08, depending on the year in which the work was performed. This adjustment is appropriate. Moreover, I find the number of hours devoted to this case, as detailed in counsel's Declaration ([15-1], ¶3) to be reasonable. Therefore, I find no reason to second guess the fee amount to which the parties have stipulated.

Pursuant to the Stipulation, "[t]he EAJA fees may be paid to Plaintiff's counsel, if Plaintiff has agreed to transfer his rights to EAJA fees to his attorney, and provided that Plaintiff owes no debt to the Federal Government that is subject to offset under the Treasury Offset Program" [15]. While plaintiff has assigned to counsel his entitlement to a fee award ([15-3], p. 2 of 3 (CM/ECF)), "EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts." Astrue v. Ratliff, 560 U.S. 586, 594 (2010). Therefore, "the name on the check must be plaintiff's and not her attorney's. So long as plaintiff herself appears as the payee on the check, however, there is no reason why defendant cannot mail that check to plaintiff's counsel pursuant to the assignment. . . . The Court thus will direct defendant to mail any post-offset payment, payable to plaintiff, to her attorney." Scott v. Astrue, 2011 WL 32544, *3 (W.D.N.Y. 2011).

The parties have also stipulated to $400.00 in costs. Although that amount is not addressed in plaintiff's submissions, it appears to be for reimbursement of the filing fee paid in this case. *See* Rosa v. Berryhill, 2017 WL 3475682, *3 (S.D.N.Y. 2017) (awarding the plaintiff the court filing fee of $400.00).

## CONCLUSION

The Stipulation [15] is approved as follows: the court awards plaintiff attorney's fees in the amount of $5,922.24 plus $400.00 in costs, payable to plaintiff herself, but to be delivered to plaintiff's counsel.

**SO ORDERED.**

Dated: May 8, 2019

                                       /s/ Jeremiah J. McCarthy
                                       JEREMIAH J. MCCARTHY
                                       United States Magistrate Judge